## COVER v STATE OF FLORIDA

### Case No. CJAD85-49

Ninth Judicial Circuit, Orange County

June 5, 1986

**APPEARANCES OF COUNSEL**

**Dana Harden Hankins** for appellant.

**Lisa T. Munyon,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE R. KIRKWOOD, Circuit Judge.

Appellant appeals from a jury verdict finding him guilty of Driving Under The Influence after he had requested a mistrial based upon improper conduct of the trial judge. The issue on appeal is whether the trial judge abused his discretion by allowing a lay witness to testify as

to the law and after the witness misstated the law, the judge paraphrased the jury instructions on the issue.

The facts indicate that at trial, the Assistant State Attorney asked the Florida Highway Patrol Trooper, witness for the State, to testify concerning the presumptions of impairment contained in Florida Statutes 316.1934. The trial judge initially sustained the objection but later changed his mind and allowed the witness to testify as to what the law is regarding statutory presumptions. The Trooper incorrectly stated the law.

A curative instruction was requested, but over objection, the trial judge gave a general paraphrase of the presumption of impairment as contained in the *Standard Jury Instructions in Misdemeanor Cases.* At the conclusion of the trial, presumption of impairment was read to the jury and later reread to the jury based upon a question asked by the jurors.

Allowing the witness to testify or not to testify about the law in itself would be affirmed by this Court. Any error would be harmless aside from the fact that the judge abdicated his role by allowing a witness to testify as to the law.

The proper method to correct a witness's misstatement of the law would be by a simple curative instruction indicating that the witness has incorrectly stated the law, with no further comment from the trial judge. The witness's credibility then becomes a matter for the jury but the action by the trial judge would be affirmed.

The abuse of discretion, in this case, occurred when the trial judge reinforced his error by paraphrasing the law. His actions elevated the error, in effect, the judge became a witness for the State. The issue of the credibility of the witness is over-shadowed by the actions of the trial judge during the State's case. The jury could have interpreted the instructions regarding the presumptions as having special significance.

The fact that the jury, after having been instructed and begun deliberations, asked to have the section on presumption read a third time when the juror asked "I think what we wanted to hear was the— the thing that you read to us a couple of times regarding the level themselves . . ." This clearly shows the actions of the trial judge have become the focal point of the jury—not the evidence or credibility of the witness. Such action is an abuse of discretion which could only have been cured by granting the Motion for Mistrial. It is the judgment of this Court that the case be remanded for new trial.

REVERSED AND REMANDED for new trial.